UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,         :

                                                       :         **SUMMARY ORDER**

              -against-                    :

                                                       :         06-CR-413 (DLI)

MELVYN CURTIS,                         :

                                                       :

                     Defendant.         :
-------------------------------------------------------x
**DORA L. IRIZARRY, Chief U.S. District Judge:**

On February 9, 2007, defendant Melvyn Curtis ("Defendant") pled guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii).

At the sentencing hearing, held on April 23, 2008, Defendant was held accountable for 1.5 kilograms of crack cocaine, which corresponded to a base offense level of 36 under the then applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Defendant's total offense level was 32 because he received: (1) a three-point reduction of the Base Offense Level for a mitigating role under U.S.S.G. § 2D1.1(a)(3); (2) a three-point reduction for a mitigating role under U.S.S.G. § 3B1.2; and (3) a two-point enhancement for possessing a dangerous weapon. Defendant did not receive a reduction for acceptance of responsibility because he sought to withdraw his guilty plea. (*See* Dkt. Entry Nos. 244, 287.) Defendant had a Criminal History Category of VI, with a resulting Sentence Guidelines Range ("SGR") of 210 to 262 months' imprisonment. Defendant was sentenced to 235 months' imprisonment and three years of supervised release with special conditions. (*See* Judgment, Dkt. Entry 379.)

On March 16, 2016, Defendant filed the instant motion pursuant to 18 U.S.C. § 3582(c)(2), requesting a reduction of the sentence imposed. (*See* First Motion to Reduce Sentence ("Mot."), Dkt. Entry Nos. 867, 868.) On April 26, 2016, the government responded, agreeing that Defendant

is entitled to a limited resentencing. (*See* Response to Motion ("Response"), Dkt. Entry No. 880.) For the reasons set forth below, Defendant's motion to reduce sentence is granted and Defendant is resentenced to 140 months' imprisonment with three years of supervised release to follow with the same special conditions of supervised release previously imposed.

## LEGAL STANDARD

On August 3, 2010, President Obama signed the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-222, 124 Stat. 2372 (2010), which increased the amount of crack cocaine required to trigger mandatory minimum sentences and directed the Sentencing Commission to implement comparable changes in the U.S.S.G. *See also* U.S.S.G. App. C Amendment 750 (Nov. 1, 2011). The U.S.S.G. now provides for a base level of 34 where a defendant, as is the case here, is responsible for between 840 grams and 2.8 kilograms of crack cocaine. *See* U.S.S.G. § 2D1.1(c)(2). As the parties agree, the amended crack cocaine guidelines are "covered amendments" under U.S.S.G. § 1B1.10(c), which can be applied retroactively and used to reduce a defendant's sentence. *See* U.S.S.G. § 1B1.10(c) (listing Amendment 750 as a covered amendment).

> Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment:
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, "[a] court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). U.S.S.G. § 1B1.10(a)(1) directs that "any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." U.S.S.G. § 1B1.10, Application

Note 1, subsections (B)(ii)-(iii), provide that, in considering any sentence reduction, the court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment."

Similarly, 18 U.S.C. 3553(a) states that a court "shall impose a sentence sufficient, but not greater than necessary" to fulfill certain penological purposes, such as:

> the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). A court must also consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; . . . (3) the kinds of sentences available; (4) [the sentencing range established by the Guidelines]; (5) [any pertinent Guidelines policy statement]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## DISCUSSION

Defendant requests that, in light of the reduced sentencing range provided for in the amended Guidelines, the Court reduce his base offense level by four points. (Mot. at 3.) Defendant asks this Court to reduce his base offense level from level 36 to level 34 pursuant to Amendment 750, and to reduce his base offense level an additional two levels, from level 34 to level 32, pursuant to Amendment 782. (*Id.*) The government agrees that Amendments 750 and 782 operate to lower Defendant's base offense level from 36 to 32. (Response at 4.) After Defendant's offense level is adjusted to 28 to reflect his mitigating role and his possession of a dangerous weapon, and

3

given his Criminal History Category of VI, the new Guidelines sentencing range is 140 to 175 months' imprisonment. *See* U.S.S.G., Sentencing Table.

Defendant seeks a sentence of 140 months. (Mot. at 4.) Defendant asserts that he has "come a long way in the years since he was sentenced." (*Id.* at 5.) In support of his motion, Defendant submits: (1) letters from family members, enumerating his good qualities and expressing their support for his release; (2) certificates of his successful participation in Bureau of Prison ("BOP") programs and classes, including a drug education program and ongoing involvement in a GED program; and (3) a letter from himself, acknowledging the waste of his life of addiction and the substantial rehabilitative steps he has taken to remake his life since being sentenced. (*Id.* at 5-7; Ex. B-D.)

The government believes a sentence of 157 months is more appropriate, because the Court originally sentenced Defendant to a term of imprisonment in the middle of his then applicable guidelines. (Response at 4.) The government cites a Fifth Circuit case, holding that a § 3582 proceeding is "not a second opportunity to present mitigating factors to the sentencing judge." (*Id.*)

The Court finds that a reduction to 140 months' imprisonment is appropriate under all the circumstances presented here. Contrary to the government's assertion, the court can consider Defendant's post-sentencing conduct in deciding whether a reduction is appropriate. *See* U.S.S.G. § 1B1.10, app. note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted . . . ."); *United States v. Stewart*, 367 F. App'x 201, 202-03 (2d Cir. 2010) (finding that the district court appropriately considered post-conviction conduct in denying sentence reduction). Since Defendant has been in prison, he

4

has pursued his GED and completed several educational courses, including a drug treatment program. (*See* Mot. at 5-6.) He also has a re-entry plan focused on re-enforcing his newly attained sobriety and on positive pursuits. Accordingly, the Court holds that a reduction of Defendant's sentence to 140 months' imprisonment is appropriate.

## CONCLUSION

For the reasons set forth above, after taking into account the factors the court must consider pursuant to U.S.S.G. § 1B1.10 and 18 U.S.C. § 3553(a), Defendant's motion is granted and his sentence on Count One is modified to 140 months' imprisonment, but otherwise remains unchanged.

SO ORDERED.

DATED:  Brooklyn, New York
        November 20, 2017

_____/s/_____
DORA L. IRIZARRY
Chief Judge