```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
MELVIN CURTIS,                                              :
                                                            :
                              Petitioner,                   :
                                                            :           SUMMARY ORDER
              -against-                                     :           06-cr-00413 (DLI)
                                                            :           16-cv-03825 (DLI)
UNITED STATES OF AMERICA,                                   :
                                                            :
                              Respondent.                   :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

      Before the Court is Petitioner Melvin Curtis' ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). On February 9, 2007, Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to distribute and to possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). *See*, Dkt. Entry No. 159.[1] On April 23, 2008, Petitioner was sentenced to 235 months of imprisonment and three years of supervised release with conditions. *See*, Minute Entry, Dkt. No. 376; Judgment, Dkt. No. 379. On July 1, 2016 Petitioner filed the instant Section 2255 motion *pro se*. *See*, Pet. 2255 Mot., Dkt. Entry No. 890. Petitioner contends that the Court's determination that his prior convictions qualify him as a career offender under the U.S. Sentencing Guidelines (the "Guidelines") amounted to a denial of due process under *Johnson v. United States*, 576 U.S. 591 (2015). *Id.* The Government opposed Petitioner's motion. *See*, Gov't Opp'n to 2255 Mot., Dkt. Entry No. 893. Petitioner filed a reply through counsel, who also represented him in the underlying criminal matter. *See*, Pet. Rep., Dkt. Entry No. 898. For the reasons set forth below, Petitioner's motion is denied.

---

[1] All docket entry citations refer to the criminal matter underlying Petitioner's motions, 06-cr-00413 (DLI).

## BACKGROUND

At Petitioner's sentencing hearing on April 23, 2008, the Court determined that Petitioner fell within Criminal History Category VI under the United States Sentencing Guidelines ("Guidelines" or "USSG") because he qualified as a career offender based on two prior New York State violent felony convictions for Robbery in the First Degree and Robbery in the Second Degree. *See*, Sentencing Tr., Dkt. Entry No. 893-3, at 17, 44-47. The applicable Guideline range was 210 to 262 months, and the Court imposed a sentence of 235 months imprisonment and a term of supervised release of three years. *Id.* at 46.

Petitioner appealed his conviction. *See,* Notice of Appeal and Subsequent Notice of Appeal, Dkt. Entry Nos. 381, 382, respectively. On January 26, 2009, the Second Circuit Court of Appeals dismissed Petitioner's appeal based on his waiver of appellate rights contained in his plea agreement. *See*, USCA Mandate, Dkt. Entry No. 425. On March 16, 2016, before filing the instant Section 2255 motion, Petitioner filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Crack Cocaine Guidelines Amendments 750 and 782. *See*, Pet. 3582 Mot., Dkt. Entry No. 867. On November 20, 2017 the Court granted Petitioner's Section 3582 motion, reducing his term of imprisonment from 235 months to 140 months and preserving all other aspects of his original sentence. *See*, Dkt. Entry No. 916. Petitioner has served his term of imprisonment and currently is under the supervision of Probation.

## LEGAL STANDARD

Under § 2255, a sentencing court may "vacate, set aside or correct [a] sentence" that was imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of

justice." *Scala v. United States*, 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (internal quotation marks and citations omitted). Where a criminal defendant "did not raise an argument on direct appeal, he is procedurally barred from doing so on a collateral challenge under § 2255." *Rajaratnam v. United States*, 736 Fed. App'x 279, 281 (2d Cir. 2018) (citing *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007). "An exception applies . . . if the [criminal] defendant demonstrates either (1) cause for the procedural default and ensuing prejudice, or (2) actual innocence." *Id.* (citing *Cox v. United States*, 783 F.3d 145, 150 (2d Cir. 2015)).

The Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). In such a situation, the Court should interpret motions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks, emphasis, and citation omitted). Since Petitioner filed his reply through counsel, the Court is satisfied that Petitioner is not pursuing the instant motion *pro se*. Moreover, the Court's decision here would be the same even if it considered Petitioner's motion as a *pro se* filing.

## DISCUSSION

It does not appear that Petitioner challenged his sentence on direct appeal based on the Supreme Court's decision in *Johnson*. While the parties have not provided the Court with a copy of Petitioner's 2008 appeal, as Petitioner admits, he could not have raised the present challenge to his sentence prior to the Supreme Court's decision in *Johnson* in 2015. *See*, Pet. 2255 Mot. at 5 (explaining this argument was not previously presented "because prior to Johnson (2015) there were no case laws to attack the enhancement"); Notice of Appeal, Dkt. Entry Nos. 381, 382.

3

Petitioner has not filed any appeal since *Johnson* was decided. Petitioner has not provided any explanation for this procedural default and does not assert his actual innocence. Accordingly, Petitioner's Section 2255 *habeas* motion is denied as procedurally barred.

Even if the motion were not procedurally barred, Petitioner's argument would fail on the merits. In *Johnson v. United States,* the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), appearing at 18 U.S.C. § 924(e)(2)(B) and defining a category of violent offenses that trigger enhanced mandatory minimum sentences, was unconstitutionally vague, and that imposing a sentence under this clause violates a defendant's constitutional right to due process. 576 U.S. at 606. In *Welch v. United States*, the Supreme Court held that *Johnson* retroactively applied to ACCA cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

After Petitioner's § 2255 motion was briefed fully, the Supreme Court considered a due process challenge to a similar residual clause contained in Guidelines § 4B1.2(a), the enhancement provision defining a "crime of violence" that may serve to qualify an individual as a career offender. *See*, *Beckles v. United States*, 137 S. Ct. 886 (2017). The Supreme Court determined that the residual clause in § 4B1.2(a) was not unconstitutional because "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Id.* at 895. Thus, Petitioner's argument is undermined fatally by *Beckles*. *See*, *Guerrero v. United States*, 2019 WL 3940131, at *2 (S.D.N.Y. July 31, 2019) (denying Section 2255 petition attacking determination that Robbery in the Third Degree under New York law qualifies as crime of violence under § 4B1.2 in light of *Beckles*); *United States v. Aiken*, 2019 WL 2053989, at *1 (S.D.N.Y. May 9, 2019) (denying *habeas* petition based on vagueness challenge to Guidelines following *Beckles*); *Dantzler v. United States*, 2019 WL 1574799, at *3 (E.D.N.Y. Apr. 11, 2019) (same).

Petitioner relies on the Second Circuit's July 21, 2016 decision in *United States v. Jones*

4

for the proposition that, in light of *Johnson*, Robbery in the First Degree under New York law is not a "crime of violence" under the Guidelines. Pet. Rep. at 1 fn.1. However, on October 3, 2016, a week before the filing of Petitioner's reply, the Second Circuit withdrew that decision in light of the Supreme Court's consideration of *Beckles*. *See*, *United States v. Jones*, 883 F.3d 296 (2d Cir. 2016). Following *Beckles*, the Second Circuit has held that every degree of robbery under New York law qualifies as a crime of violence. *United States v. Smith*, 896 F.3d 592, 595 (2d Cir. 2018) (citing *United States v. Dove*, 884 F.3d 138, 152 (2d Cir. 2018)). Accordingly, Petitioner's Section 2255 motion is without merit and is denied.

## CONCLUSION

For the reasons set forth above, Petitioner's § 2255 motion is denied in its entirety. Petitioner is denied a certificate of appealability, as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See,* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See*, *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 23, 2021

/s/
DORA L. IRIZARRY
United States District Judge